Pearson, J.
 

 The will in
 
 question
 
 was made
 
 after the
 
 year 1S27, and it was properly admitted, that the limitation over is not too remote.
 

 The matter controverted is, what part of the fund passes to the executory legatees under the words: “the money” in the clause, “or if she dies without any heirs, for
 
 the money to
 
 be equally divided amongst William C. Donald’s heirs?”
 

 His Honor was of opinion, that the executory legatees were entitled only to so much of the fund, as was made by the sale of the property included in the clause : “one feather bed and furniture to be sold, and all my chattel property, household and kitchen furniture, and the money to the use and benefit of my daughter Lurana Clark, to her and her heirs forever.”
 

 This construction was, no doubt, suggested by the fact, that, as the will is written, this clause immediately precedes the clause containing the limitations over. There is, however, a full stop, and a space of nearly a whole line between them; and, although it is difficult to determine what the intention is, where a will is so badly writ
 
 *313
 
 ten and is so entirely without order and connection, as this one, we are satisfied, that the ^construction adopted by his Honor is too narrow, and that the limitation over includes, not merely the small part of the fund arising from the sale of the property contained in the above recited clause, but embraces the whole fund — “the money” arising from the sale of all the property, which the testator directs to be sold.
 

 After making ample provision for the favorite object of his bounty — his daughter — the testator attempts to> make a disposition of what he had given to her, in the event that she should die without heirs. In doing so, he uses^ the words, “the money.” What money ? That, which he had given to her and her heirs. These words, are broad enough to include the whole fund, viz: the proceeds of the sale of the Taylor tract and six head of cattle, after payment of debts, the proceeds of the sale of one half oí the crop of corn, and the proceeds of the sale of the bed and furniture, and household and kitchen furniture. We can see no reason for restricting their meaning, but a very sound one for allowing them to embrace the whole fund ; because, it is unaccountable, why the testator should dispose of a small fraction of the fund, by making a limitation over in the event of his daughter’s dying without heirs, and leave the larger part of it undisposed of, when the same reason existed for making a similar disposition of the whole.
 

 The words, “the money,” are not broad enough to include the tract of land, on which the testator lived, nor the negro man Smith ; for, there is no direction to convert either this land or the slave into money. Hence, they do. not pass by the limitation over, but belong to the heirs, and personal representatives of L.urana Clark.,
 

 The decree in the Court below is erroneous.
 

 This is a summary proceeding, by petition, under the “Act concerning filial portions, legacies and distributive
 
 *314
 
 shares of intestates’ estates.”
 
 Rev. Slat. ch.
 
 64,
 
 sec. 5.
 
 The case made up docs not fall within the provisions of that act, and the proceeding must therefore be dismissed. The'act was intended to provide a short and plain remedy (as was supposed) for certain cases. The words used are very general, but the rules of construction require, that they should be restricted to cases, in which there exists the relation between the parties, contemplated by the Legislature, as that of guardian and ward, executors and administrators and creditors of the estate, or legatees and distributees.
 

 It has never been held, that the act extends to the case of a debt merely, where the only relation is that of creditor and debtor, or to a case, where an action
 
 ex delicio
 
 would lie, as if property be given to one for life with a limitation over, the executor assents, the first taker dies, and his personal representative detains or converts the property, the person entitled under the limitation must bring detinue or 1 rover, and cannot proceed by petition. The contemplated relation does not exist.
 

 In the present case, there is a trust fund arising from the sale of land and other property, which was given to Lurana Clark and her heirs, with a limitation over to the petitioners, if she died without heirs. The event has happened, and the administrator of the first taker has the fund in his possession, and the petitioners seek to invest him with.the character of a trustee for them, when no such fiduciary relation has ever been constituted.
 

 • The legal title to the fund was vested in the executor, in trust for Lurana Clark, and upon a contingency in trust for the petitioners. Their remedy is in Equity. The executor will be a necessary party to enable them to follow the fund in the hands of the administrator of the first taker, who has it in possession.
 

 Per Curiam.
 

 Ordered to bo certified accordingly.